# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

DALE WYSOCKI,

    Plaintiff(s),

vs.

DIKRAN DOURIAN,

    Defendant(s).

Case No. 2:17-cv-00333-JAD-NJK

ORDER

(Docket No. 14)

Pending before the Court is Defendant Dikran Dourian's motion for sanctions. Docket No. 14. A response to Defendant's motion for sanctions was due on or before September 1, 2017; however, Plaintiff failed to respond. The Court may, therefore, grant the motion as unopposed. Local Rule 7-2(e). For the reasons discussed more fully below, the Court **GRANTS** the motion in part and **DENIES** the motion in part.

## I. OVERVIEW

Defendant's motion is predicated on numerous discovery violations committed by Plaintiff's counsel. Most significantly, those discovery violations include the following:

- The parties' initial disclosures were due on or before March 24, 2017. Docket No. 9 at 4. To date, Plaintiff has not provided his initial disclosures. Docket No. 14 at 3, 13.
- Defendant served Plaintiff with the First Set of Interrogatories and First Set of Requests for Production on June 12, 2017. Docket No. 14-1, 14-2, 14-3. To date, Plaintiff has not provided responses to either. Docket No. 14 at 5.

- Defendant's counsel notified Plaintiff's counsel of the over-due initial disclosures and requested receipt no later than June 23, 2017 and July 14, 2017. Docket No. 14-5 at 2 14-6 at 2, 14-8 at 2, 14-10 at 2.
- Although Plaintiff's counsel stated he would provide initial disclosures and responses to written discovery the week of July 24, 2017, no disclosures or responses were provided. Docket No. 14 at 5.

Defendant has requested that the Court dismiss Plaintiff's Complaint, or in the alternative, compel initial disclosures and responses to Defendant's first set of written discovery, with objections waived, as well as Defendant's reasonable attorneys' fees and costs incurred in bringing this motion. *Id.* at 10.

**II. STANDARDS**

<u>A. Initial Disclosures and Written Discovery</u>

Rule 26(a)(1)(A) requires parties to provide initial disclosures to the opposing parties without awaiting a discovery request as a way to "assist the parties in focusing and prioritizing their organization of discovery." *City & County of San Francisco v. Tutor-Saliba Corp.*, 218 F.R.D. 219, 221 (N.D. Cal. 2003). Unless the Court or parties provide otherwise, initial disclosures must be made within 14 days following the Fed. R. Civ. P. 26(f) conference. *See* Fed. R. Civ. P. 26(a)(1)(C). Failure to provide disclosures under Rule 26(a) provides grounds for a party to "move to compel disclosure and for appropriate sanctions." Fed. R. Civ. P. 37(a)(3)(A). Responses to interrogatories and requests for production must be made, along with any objections, "within 30 days after being served." Fed. R. Civ. P. 33(b)(2), 34(b)(2). Failure to respond to discovery requests under Fed. R. Civ. P. 33 and 34 provides grounds for an order compelling an answer, production, or sanctions. *See* Fed. R. Civ. P. 37(a)(3)(B)(iii-iv), 37(d)(A)(ii).

<u>B. Sanctions</u>

The broad, underlying purpose of the Federal Rules of Civil Procedure is to "secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. As the text of Fed. R. Civ. P. 1 now makes explicit, the duty to strive toward that goal is shared by the Court and the parties. *See id.* It is with that charge as a guide that this Court construes and administers the Rules.

There are several mechanisms by which this goal can be accomplished, including entering case-dispositive sanctions against a party who fails to comply with the Rules or unnecessarily multiplies the proceedings.

Rule 16 of the Federal Rules of Civil Procedure is a central pretrial rule that authorizes the Court to manage cases "so that disposition is expedited, wasteful pretrial activities are discouraged, the quality of the trial is improved, and settlement is facilitated." *In re Phenylpropanolamine Prods. Liability Litig.,* 460 F.3d 1217, 1227 (9th Cir.2006). "Subsection (f) puts teeth into these objectives by permitting the judge to make such orders as are just for a party's failure to obey a scheduling or pretrial order." *Id.* Rule 16(f) specifically provides that "the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney ... fails to obey a scheduling order or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C).[1]

Fed. R. Civ. P. 37 governs discovery disputes and sanctions stemming therefrom. Similar to Rule 16, Rule 37 provides for sanctions against a party that fails to comply with discovery orders: "[i]f a party ... fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders." Fed. R. Civ. P. 37(b)(2)(A). Issuance and violation of a discovery order is not a prerequisite to the imposition of sanctions, however. *See Sigliano v. Mendoza*, 642 F.2d 309, 310 (9th Cir. 1981) ("[The] argument that an order to compel discovery is a prerequisite to dismissal is without merit"). Instead, the Court may impose sanctions on a party who, *inter alia*, fails to respond to properly served interrogatories or requests for production. *See* Fed. R. Civ. P. 37(d)(1)(A)(ii). Once again, a panoply of potential sanctions is envisioned, including those enumerated in Rule 37(b)(2)(A). "Dismissal is a proper sanction under Rule 37(d) for a serious or total failure to respond to discovery even without a prior order." *Sigliano*, 642 F.2d at 310.

The Court has "great latitude" in fashioning sanctions pursuant to Fed. R. Civ. P. 37. *See Lew v. Kona Hosp.,* 754 F.2d 1420, 1426 (9th Cir .1985). In appropriate situations, the Court may find that

---

[1] Fed. R. Civ. P. 37(b)(2)(A) in turn enumerates several potential sanctions, up to and including case-dispositive sanctions.

a severe sanction is necessary to prevent some benefit to the sanctioned party. *See National Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639, 642 (1976) (finding that extreme sanction of dismissal was appropriate due to respondents' flagrant bad faith and their counsel's callous disregard of responsibilities). At the same time, a case-dispositive sanction is a harsh penalty reserved for extreme circumstances. *See Dreith v. Nu Image, Inc.*, 648 F.3d 779, 788 (9th Cir. 2011).

The Ninth Circuit has constructed a five-factor analysis to determine whether a case-dispositive sanction under Rule 37 is just: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the other party; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Hester v. Vision Airlines, Inc.,* 687 F.3d 1162, 1169 (9th Cir.2012). With respect to this final consideration, the Ninth Circuit looks to (1) whether this Court considered lesser sanctions; (2) whether it tried lesser sanctions; and (3) whether it warned the recalcitrant party about the possibility of case-dispositive sanctions. *See, e.g., Hester,* 687 F.3d at 1170. It is not always necessary to impose less severe sanctions first, or to give any explicit warning that a case-dispositive sanction may be imposed. *Valley Eng'rs Inc. v. Electric Eng'g Co.,* 158 F.3d 1051, 1057 (9th Cir.1998). Indeed, courts may consider all of the offending party's discovery conduct when making its determination of the appropriate sanction. *Henry,* 983 F.2d at 947. However, the disobedient party's conduct must be due to willfulness, fault, or bad faith for a case-dispositive sanction to be appropriate. *Id.* at 946–47.

The test provides courts with a way to think about what to do rather than a set of conditions precedent for imposing sanctions. *Valley Eng'rs*, 158 F.3d at 1057.

**III. ANALYSIS**

The Court agrees with Defendant that Plaintiff's discovery violations have been significant and numerous. In evaluating the relevant factors, however, the Court concludes that dismissal is not the proper sanction in this instance. Most significantly, the Court is most mindful that less drastic sanctions are available that are better tailored to addressing the discovery sanctions at issue. The Court finds that these sanctions, as outlined below, are the appropriate relief in this instance.

### A. Plaintiff's Failure to Provide Initial Disclosure

As noted above, initial disclosures were due in this case on March 24, 2017. Docket No. 9 at 4. Defendant's counsel requested the over-due disclosures from Plaintiff's counsel four times: June 12, 2017 (Docket No. 14-5 at 2), July 5, 2017 (Docket No. 14-6 at 2), July 10, 2017 (Docket No. 14-8 at 2), and July 27, 2017 (Docket No. 14-10 at 2). Despite these requests and Defendant's counsel's flexibility, Plaintiff has not made his initial disclosures. Docket No. 14 at 5. The Court therefore **GRANTS** Defendant's request to compel production of Plaintiff's initial disclosures.

### B. Plaintiff's Failure to Respond to Defendant's Request for Interrogatories and Request for Production of Documents

Defendant served Plaintiff with the First Set of Interrogatories and Request for Production of Documents on June 12, 2017. Docket No. 14-1, 14-2, 14-3. Therefore, Plaintiff's responses were due no later than July 12, 2017. Plaintiff's counsel stated he had reviewed the requests and planned to deliver responses to Defendant during the week of July 24, 2017. Docket No. 14-9 at 2. Despite Defendant's counsel's request, extension of the due date to July 28, 2017, and suggestion that motion for sanctions would be filed if responses were further delayed, *see* Docket No. 14 at 4, Plaintiff has failed to respond to the Interrogatories and Request for Production. The Court therefore **GRANTS** Defendant's request to compel Plaintiff's response.

## IV. CONCLUSION

In light of the severe nature of the dismissal sanctions sought, the lack of a previous warning of the possibility of dismissal sanctions, and the availability of less drastic sanctions, the Court declines to recommend dismissal of Plaintiff's case through the pending motion. Further, for the reasons stated above, the Court **GRANTS** Defendant's motion to compel production of Plaintiff's initial disclosures and responses to written discovery. The Court ORDERS Plaintiff to provide initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) and respond to Defendant's first set of written discovery requests, waiving all objections, no later than September 25, 2017. Upon receiving Plaintiff's initial disclosures and responses to written discovery, Defendant may request from the Court an order to supplement its expert disclosure, if necessary.

Additionally, the Court **GRANTS** Defendant's request for attorneys' fees and costs incurred in bringing the pending motion. Fed. R. Civ. P. 37(c)(1)(A). The parties are encouraged to agree among themselves on an amount of expenses. If they are unable to do so, Defendant shall file a motion for attorneys' fees and costs no later than September 20, 2017. This motion shall include all necessary documents to enable the Court to make an appropriate calculation.

The motion for sanctions, Docket No. 14, is therefore **GRANTED** in part and **DENIED** in part.

**IT IS SO ORDERED.**

DATED: September 11, 2017

_____
NANCY J. KOPPE
United States Magistrate Judge