# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DALE WYSOCKI,

        Plaintiff(s),

vs.

DIKRAN DOURIAN,

        Defendant(s).

Case No. 2:17-cv-00333-JAD-NJK

ORDER GRANTING MOTION FOR ATTORNEYS' FEES AND COSTS

(Docket No. 18)

Pending before the Court is Defendant's motion for attorneys' fees and costs. Docket No. 18. Plaintiff filed a response in opposition. Docket No. 19. Defendant filed a reply. Docket No. 20. The Court finds the motion properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the Court **ORDERS** Plaintiff to pay Defendant attorneys' fees in the amount of $925 within 30 days of the issuance of this order.

**I.    OVERVIEW**

The pending motion for fees and costs arises out of Defendant's motion to dismiss and for sanctions. Docket No. 14. Defendant submitted in his motion to dismiss that Plaintiff failed to produce initial disclosures and failed to respond to Defendant's first set of written discovery requests. *Id.* at 2. In addition to requesting the Court to dismiss Plaintiff's complaint and grant Defendant attorneys' fees and costs, Defendant also requested the Court to compel Plaintiff to produce initial disclosures and respond to Defendant's written discovery requests. *Id.* at 10. Plaintiff did not file a response.

On September 11, 2017, the Court issued an order granting in part and denying in part Defendant's motion to dismiss. Docket No. 17. The Court ordered Plaintiff to produce initial disclosures and respond to Defendant's written discovery requests, waiving all objections, no later than September 25, 2017. *Id.* The Court also granted Defendant's request for reasonable attorneys' fees and costs incurred in bringing the motion to dismiss. *Id.*

## II.     ENTITLEMENT TO FEES

Despite the Court's encouragement for the parities to agree among themselves on an amount of expenses, it is evident from the parties' pleadings that the parties are unable to set aside issues stemming from the criminal case related to the instant civil matter and are unable to reach an agreement as to expenses. Docket Nos. 18, 19, 20. Plaintiff submits he is "willing to abide by this court's order and pay defense counsel's reasonable fees and costs incurred in the preparation of their motion" but challenges the reasonableness of the amount requested. Docket No. 19 at 2-4. As the Court has already determined that Defendant is entitled to recover reasonable attorneys' fees and costs and Plaintiff is not in opposition, the Court turns to the calculation of the fees.

## III.    APPORTIONMENT

In response, Plaintiff objects that a portion of Defendant's expenses "are for time spent prior to the filing of their motion for fees and costs." Docket No. 19 at 2-3. Plaintiff misconstrues the Court's order granting Defendant attorneys' fees and costs; the Court granted Defendant attorneys' fees and costs incurred in bringing the motion to dismiss and for sanctions, which was filed prior to Defendant's motion for attorneys' fees and costs. Docket No. 19 at 2-3. Nonetheless, the Court reviews all expenses in determining its calculation.

### A.     LODESTAR

Reasonable attorneys' fees are generally calculated using the traditional "lodestar" method. *See, e.g.*, *Camacho v. Bridgeport Fin'l, Inc.*, 523 F.3d 973, 978 (9th Cir. 2008). Under the lodestar method, the Court determines a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." *See Hensley v. Eckerhart*, 461 U.S. 424, 433

//

//

(1983). The lodestar figure is presumptively reasonable. *Cunningham v. County of Los Angeles*, 879 F.2d 481, 488 (9th Cir. 1988).[1]

### 1. *Reasonable Hours*

The touchstone in determining the hours for which attorneys' fees should be calculated is whether the expenditure of time was reasonable. *See, e.g.*, *Marrocco v. Hill*, 291 F.R.D. 586, 588 (D. Nev. 2013). The Court "has a great deal of discretion in determining the reasonableness of the fee and, as a general rule, [an appellate court] will defer to its determination . . . regarding the reasonableness of the hours claimed by the [movant]." *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 453 (9th Cir. 2010) (quoting *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992)). The reasonableness of hours expended depends on the specific circumstances of each case. *See Camacho*, 523 F.3d at 978. In reviewing the hours claimed, the Court may exclude hours related to overstaffing, duplication, and excessiveness, or that are otherwise unnecessary. *See, e.g.*, *Hensley*, 461 U.S. at 433.

With respect to attorneys' fees arising out of a motion to compel discovery, recoverable fees include those "incurred in making the motion [to compel]."[2] Fed. R. Civ. P. 37(a)(5)(A). In addition, the movant may also recover "fees on fees" for the time expended in filing a motion for attorneys' fees. *See, e.g.*, *Aevoe Corp. v. AE Tech Co.*, 2013 U.S. Dist. LEXIS 135755, at *24-25 (D. Nev. Sept. 20, 2013) (collecting cases). In making the determination of the reasonableness of hours expended on such motions, "the Court considers factors such as the complexity of the issues raised, the need to review the record and pleadings, and the need to conduct legal research, in addition to the length of the briefing." *See, e.g.*, *Marrocco*, 291 F.R.D. at 588.

//

//

---

[1] Adjustments to the lodestar are proper in only "rare and exceptional cases." *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986). A departure from the lodestar is not warranted in this case.

[2] Although Defendant filed his motion as a motion to dismiss and for sanctions, the Court construes his motion as a motion to compel for purposes of calculating expenses because Defendant requested the Court to compel discovery and the Court granted that request. Docket Nos. 14, 17.

a. Drafting the Motion to Dismiss

Defendant seeks to recover 11.9 hours spent drafting and revising the motion to dismiss; 6.2 hours spent by Associate Jennifer Saccuzzo and 5.7 hours spent by Partner Christopher Turtzo. Docket No. 18-2. The brief submitted in support of the motion contained roughly 11 pages of argument. Docket No. 14. Defendant also submitted a three-page declaration and 59 pages of exhibits in support of the motion. Docket Nos. 14, 14-1 - 14-10. Given the lack of complexity of the issues, the staffing of both a partner and an associate on drafting the motion, and time spent reviewing the motion, the Court finds that the hours spent on drafting and revising the motion to dismiss are excessive. The Court finds that a reasonable period of time, considering the motion and the issues raised, is four hours for Ms. Saccuzzo and one hour for Mr. Turtzo.

b. Time Related to the Motion to Dismiss

Defendant seeks to recover 1.6 hours spent on tasks related to drafting the motion to dismiss; .1 hours by Ms. Saccuzzo and 1.5 hours by Mr. Turtzo. Docket No. 18-2. This time consists of drafting and reviewing correspondence to Plaintiff's counsel regarding Plaintiff's counsel's failure to produce initial disclosures and respond to written discovery requests. *Id.* Plaintiff objects to Defendant recovering fees for time spent prior to filing the motion. Docket No. 19 at 2-3. The Court agrees. This time is excluded from the recovery award.

c. Meeting and Conferring

Defendant seeks to recover .4 hours related to the meet and confer process prior to filing the motion to dismiss. Docket No. 18-2 at 5, 9. "The local rules ... require counsel to meet and confer before filing any discovery motion in an effort to resolve disputes. As such, fees associated with the initial meet and confer process logically should not always be included in the fee award." *Matlink, Inc. v. Home Depot U.S.A., Inc.*, 2008 U.S. Dist. LEXIS 124318, at *15 (S.D. Cal. Oct. 27, 2008) (internal citation omitted). Based on the ruling in *Matlink*, this Court held in *Aevoe Corp.* that "attorneys' fees are generally not awarded in this District for time spent meeting and conferring on motions to compel." 2013 U.S. Dist. LEXIS 135755, at *24. Therefore, the Court finds that the time spent meeting and conferring is not recoverable.

d. Drafting and Replying to the Motion for Attorneys' Fees and Costs

Defendant seeks to recover 2.8 hours for time spent drafting the motion for attorneys' fees and costs (2.6 hours spent by Ms. Saccuzzo and .4 hours spent by Mr. Turtzo) and 3.5 hours spent drafting the reply to Plaintiff's response. Docket Nos. 18 at 10, 20 at 8. As previously mentioned, a movant may also recover "fees on fees" for the time expended in filing a motion for attorneys' fees. *Aevoe*, 2013 U.S. Dist. LEXIS 124318, at *24-25; *see, e.g.*, *Alutiiq*, 2012 U.S. Dist. LEXIS 133070, at *4 (D. Nev. Sept. 17, 2012). If a party is entitled to recover attorneys' fees, they are also entitled to recover the fees incurred in bringing the motion for attorneys' fees. *See, e.g.*, *Aevoe*, 2013 U.S. Dist. LEXIS 124318, at *25 (collecting cases).

Here, however, Defendant failed to provide billing statements related to the motion and reply. Docket Nos. 18 at 10, 20 at 8. Therefore, the Court denies the request for attorneys' fees and costs related to these filings.

e. Conclusion

Having reviewed the record in light of the factors identified above, the Court finds that the following are the hours reasonably expended in this matter: (1) drafting the motion to dismiss and for sanctions: 4 hours by Ms. Saccuzzo and 1 hour by Mr. Turtzo; (2) time related to drafting the motion to dismiss and for sanctions: 0 hours; (3) meeting and conferring: 0 hours; (4) drafting the motion for attorneys' fees and costs: 0 hours; (5) replying to the motion for attorneys' fees and costs: 0 hours.

2. *Reasonable Rates*

Having determined the hours reasonably expended by counsel, the Court turns to the hourly rate with which to calculate the lodestar. The party seeking an award of attorneys' fees bears the burden of establishing the reasonableness of the hourly rates requested. *See Camacho*, 523 F.3d at 980. "To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence–in addition to the attorney's own affidavits–that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). "Affidavits of the [movant's] attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the [movant's] attorney, are satisfactory

evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). The Court may also rely on its own familiarity with the rates in the community to analyze those sought in the pending case. *See Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011).

In this case, Defendant seeks an hourly rate of $205 for Mr. Turtzo, a partner at Morris, Sullivan, Lemkul & Pitegoff with over a decade of experience. Docket No. 18 at 6. Defendant seeks an hourly rate of $180 for Ms. Saccuzzo, an associate with almost two decades of experience. *Id.* Defendant's motion for attorneys' fees and costs attests to biographical information for these attorneys, including their education and bar licenses. *Id.* Plaintiff does not argue these rates are excessive.

There is ample case law establishing that the upper range of the prevailing rates in this District is $450 for partners and $250 for experienced associates. *See, e.g.*, *Sinayan v. Luxury Suites Int'l, LLC*, 2016 U.S. Dist. LEXIS 109890, at *12 & n.4 (D. Nev. Aug. 17, 2016) (collecting cases). The Court finds that the rates set for Mr. Turtzo and Ms. Saccuzzo are reasonable.

### B. CALCULATION

As established above, the Court finds that Defendant should recover attorneys' fees for 4 hours for Ms. Saccuzzo and 1 hour for Mr. Turtzo, at hourly rates of $180 and $205, respectively. As such, the Court awards attorneys' fees in the amount of $925.

### IV. CONCLUSION

For the reasons discussed above, the Court **ORDERS** Plaintiff to pay Defendant attorneys' fees in the amount of $925 within 30 days of the issuance of this order.

//
//
//
//
//
//
//
//

6

1       The Court further **ADMONISHES** counsel for both parties and reminds them that the Court expects civility among attorneys. "Obstructive refusal to make reasonable accommodation," such as that exhibited here, "not only impairs the civility of our profession and the pleasures of the practice of law, but also needlessly increases litigation expenses to clients." *Hauser v. Farrell*, 14 F.3d 1338, 1344 (9th Cir. 1994).

      IT IS SO ORDERED.

      DATED: October 20, 2017

_____
NANCY J. KOPPE
United States Magistrate Judge