Christopher Turtzo, Esq.
NV Bar No. 10253
Jennifer Saccuzzo, Esq.
NV Bar No 6807
MORRIS, SULLIVAN, LEMKUL & PITEGOFF, LLP
3770 Howard Hughes Parkway, Ste. 170
Las Vegas, NV 89169
Telephone: (702) 405-8100
Telecopier: (702) 405-8101

*Attorneys for Defendant Dikran Dourian*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DALE WYSOCKI, individually and as Executor of the Estate MICHAEL WYSOCKI, | Case No.: 2:17-CV-00333-JAD-NJK |
| Plaintiffs, | |
| vs. | **STIPULATION AND ORDER TO EXTEND DISCOVERY DEADLINES** (First Request) |
| DIKRAN DOURIAN, individually, DOE INDIVUDUALS I through X, inclusive and ROE ENTITIES I through X, inclusive, | |
| Defendant. | |

The parties hereto, by and through the undersigned counsel of record, stipulate, agree and make this joint application to extend the discovery deadlines in this matter for a period of sixty (60) days up to and including **Thursday, April 12, 2018**. The present discovery cut-off date is **Monday, February 12, 2018**. The reason for this request is as follows:

The parties are attempting to negotiate a potential resolution which would completely dispose of all claims in this case; however, the parties need additional time to address and resolve any potential issue regarding Medicare payments and secondary payor liens. The parties expect that it may take up to 60 days to receive a response from Medicare.

Also, on December 15, 2017, the Defendant finally obtained more than 2,000 pages of critical records from University Medical Center. Defendant has diligently sought these records for nearly six months. If the parties cannot finalize a resolution, Defendant's expert requires approximately two additional weeks to review complete an expert report based on these records.

For the reason stated herein, the parties respectfully request that the Court permit an extension of the discovery deadlines set forth in the current stipulated and ordered discovery plan [Doc. 31] as outlined below.

In regard to the status of the case, to date the parties have completed the following:

1. Complaint filed in District court A-16-743152-C on 9/08/16;

2. Petition for Removal to Federal Court, filed 02/02/17;

3. Answer to Complaint, filed 02/09/17;

4. Joint Status Report, filed 03/02/17;

5. Discovery Plan/Scheduling Order, filed 03/27/17;

6. Stipulated Protective Order, filed 11/17/17;

7. Stipulated Discovery Plan/Scheduling Order, filed 11/17/17;

8. Joint Interim Status Report, filed 12/14/7.

In regards to the discovery that has been completed to date the parties have completed the following:

1. Defendant's Initial Set of Request for Production to Plaintiff, served 6/12/17;

2. Defendant's Initial Set of Interrogatories to Plaintiff, served 6/12/17;

3. Defendant's Initial Disclosures, served 6/12/17;

4. Defendant's First Supplemental Disclosures, served 6/30/17;

5. Defendant's Second Set of Request for Production to Plaintiff, served 7/21/17;

6. Defendant's Second Set of Interrogatories to Plaintiff, served 7/21/17;

7. Defendant's Third Set of Interrogatories to Plaintiff, served 8/02/17;

8. Defendant's Second Supplemental Disclosures, served 8/18/17;

9. Defendant's Third Supplemental Disclosures, served 8/23/17;

10. Plaintiff's Initial Disclosures, served 9/25/17;

11. Deposition of Plaintiff, Dale Wysocki, taken 11/08/17;

12. Defendant's Fourth Supplemental Disclosures, served 12/11/17;

13. Defendant's Fifth Supplemental Disclosure, served 12/17/17;

14. Numerous records have been subpoenaed from third-parties and produced, including, but not limited to, voluminous records from University Medical Center which were finally obtained by Defendant on December 15, 2017.

The parties anticipate the remaining discovery will include the following:

1. Deposition of Defendant;

2. Depositions of three to six percipient witnesses;

3. The identification of expert witnesses;

4. Depositions of expert witnesses;

5. Further written discovery and subpoenas issued to third-parties for records;

6. The depositions of any additional witnesses that may be identified during the course of continued discovery;

**Current Discovery Schedule.** The present schedule, reflected in Doc. 31, is as follows:

| | |
|---|---|
| Amending Pleadings/Adding Parties | CLOSED |
| Defendant's Initial Expert Disclosures[1] | December 28, 2017 |
| Close of Discovery | February 12, 2018 |
| Dispositive Motions | March 14, 2018 |
| PreTrial Order | April 13, 2018 |

**Proposed Revised Schedule.** The proposed modified schedule is:

| | |
|---|---|
| Amending Pleadings/Adding Parties | CLOSED |
| Defendant's Initial Expert Disclosures | February 28, 2017 |
| Close of Discovery | April 12, 2018 |
| Dispositive Motions | May 14, 2018 |
| PreTrial Order | June 13, 2018 |

**Pre-Trial Order.** The Joint Pre-Trial Order shall be filed not later than 30 days after the date set for filing dispositive motions or June 13, 2018. However, in the event that dispositive motions are filed, the date for filing the Joint Pre-Trial Order shall be suspended 30 days after a decision on the dispositive motions or further order of the Court. The disclosures required by Rule 26(a)(3) and any objections thereto shall be included in the pre-trial order.

_____

[1] To date, Plaintiff has not sought leave to reopen his expert deadlines. Any request by Plaintiff to re-open expert disclosures for the Plaintiff or to provide rebuttal disclosures will be made via separate motion, demonstrating good cause and excusable neglect.

**Extension or Modification of Discovery Plan and Scheduling Order**. Pursuant to LR 26-4, any motion or stipulation to extend a deadline set forth in this Discovery Plan and Scheduling Order must be received by the court no later than twenty-one (21) days before the expiration of the subjection deadline.

**LR 26-4 statement regarding expert disclosure deadlines.** This stipulation is filed less than 21 days prior to the deadline for Defendant's initial expert disclosures. The parties therefore provide the following showing of excusable neglect required to move this deadline. The Ninth Circuit has held that "the determination of whether neglect is excusable is an equitable one that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. Bateman v. U.S. Postal Service, 231 F. 3d 1220, 1223-24 (9th Cir. 2000).

////
////
////
////
////
////
////
////
////
////
////
////
////
////
////
////

All of the *Bateman* factors are met here. Defendant has diligently pursued discovery from Plaintiff and numerous non-party medical providers and other entities with pertinent information. An opportunity to potentially resolve the case has recently arisen, and the parties wish to avoid the expense associated with finalization of expert reports while information is obtained from Medicare. (Potential Medicare involvement is a new development). Moving this deadline will not prejudice this Plaintiff nor adversely impact the proceedings. Instead, it will foster potential resolution. Both parties are acting in good faith.

Dated this 28th day of December, 2017          Dated this 28th day of December, 2017

COLQUITT & ABBATANGELO, LTD.          MORRIS SULLIVAN LEMKUL & PITEGOFF, LLP.


*/s/Ronald Colquitt*                           */s/ Christopher Turtzo*
Ronald A. Colquitt, Esq.                       Christopher A. Turtzo, Esq.
NV Bar No. 4953                                NV Bar No. 10253
321 S. Casino Center Blvd., Suite 112          Jennifer Saccuzzo, Esq.
Las Vegas, Nevada 89101                        NV Bar No. 6807
*Attorney for Plaintiff*                       3770 Howard Hughes Parkway, Ste. 170
                                               Las Vegas, NV 89169
                                               *Attorneys for Defendant Dikran Dourian*

## ORDER

Pursuant to the foregoing stipulation of the Parties, IT IS SO ORDERED.

DATED this 29 day of December, 2017.

_____
UNITED STATES MAGISTRATE JUDGE